COPY

Filed 5-11-18
Richard DeSaussure, C.
BY [signature]

# IN THE CRIMINAL COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS
### DIVISION VIII

**STATE OF TENNESSEE**

vs.

**WENDOLYN LEE**
**Defendant.**

Indictment: 17-03262/C1705602

## MOTION TO DISMISS FOR LACK OF JURISDICTION

COMES NOW, Defendant, by and through counsel of record, and moves this Honorable Court pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Tennessee Constitution, Article 1 § 8, to dismiss this Indictment, due to a lack of jurisdiction by the state of Tennessee. In support of this Motion, Defendant states the following:

### Facts

1. Defendant was indicted, under Indictment Number 17-03262/C1705602, for Rape, Statutory Rape and Incest.

2. Defense counsel filed motions for discovery and has received what is believed to be the discovery in its entirety.

3. Mr. Lee was charged based on the accusations of Ms. Tatyana McGee.

4. The alleged victim has on two (2) separate occasions recanted her allegations in their entireties. Nonetheless, even completely disregarding the two (2) recantations, Ms. McGee's statement is the only place an actual location is given as to the occurrence of the alleged assaults and the victim clearly states that the assault happened in West Memphis, Arkansas. (attached as Exhibit A).

1 of 3

5. No testimony or evidence has been provided to establish that any of the alleged events occurred in within Shelby County, let alone the State of Tennessee.

6. Mr. Lee was indicted on this offense without a preliminary hearing and has had no hearing concerning this matter prior to the filing of this motion.

## Analysis

"In order to adjudicate a claim, a court must possess both subject matter jurisdiction and personal jurisdiction." Landers v. Jones, 872 S.W.2d 674, 675 (Tenn. 1994). "Subject matter jurisdiction relates to the nature of the cause of action and the relief sought." Id. It is "conferred by sovereign authority which organizes the court." Id. On the other hand, personal jurisdiction "refers to the court's authority to adjudicate the claim as to the person." Id. Tennessee Code Annotated section 39-11-103(a) states, "[e]very person, whether an inhabitant of this or any other state or country, is liable to punishment by the laws of this state, for an offense *committed in this state*." (emphasis added). In the case at bar, no offenses were committed within the borders of Tennessee or even alleged to have been committed in Tennessee.

The State loosely alleges that the incidents in questions occurred at a home located within Shelby County, however, there has been no proof, testimony or anything else to support such a claim. There has not even been proof to establish that all of the involved parties ever actually lived in the home. Simply having a Tennessee address does not give rise to the level of creating personal jurisdiction over an alleged offense if no proof has been established that the incidents in question occurred at said address. The Defendant was not found at the address, the victims were not located at the address and no testimony was given that the incidents happened at the address. Furthermore, the Defendant during his detention has provided substantial documentation to the State showing that he was living outside of the state during this time (attached as collective Exhibit B).

Q: Can you explain why you came in contact with the Memphis Police Department on Monday, October 31, 2016?
A: I got called in by Detective Lopez saying that I was the suspect of a shooting involving my sister, Delisha Young.

Q: Why are you here in the Special Victims Unit/Sex Crimes Bureau today, November 2, 2016?
A: To give a statement regarding what happened to me when I was 14.

Q: What happened when you were 14?
A: I got sexually assaulted by my step-father, Wendolyn Lee in West Memphis, Arkansas.

Q: Will you explain in detail what happened before, during, and after you were assaulted by Wendolyn Lee when you were 14 years old?
A: I guess he (Wendolyn) started talking to me about having sexual intercourse and that it (sexual intercourse) was ok with my mother. Then it (sexual intercourse) kind of just started, he (Wendolyn) just told me to lay down and I wouldn't have to do nothing and he (Wendolyn) would do the rest. He (Wendolyn) went to (the kitchen) go get some cooking/vegetable oil to put on me, you know to make it easy to penetrate. Then he (Wendolyn) started touching on my vagina. He (Wendolyn) put his finger in my vagina slowly and asked me did it hurt. I said, yeah it did. Then he (Wendolyn) started to put his penis in my vagina very slow. He (Wendolyn) asked me is it hurting. And I said, yeah it do. He (Wendolyn) just kept going and as it (his penis) was going in and out it (his penis) would go a little further. It's just a little hard for me to remember, I don't remember how it ended.

Q: Did Wendolyn use a condom on this rape incident that you described that occurred when you were 14?
A: No.

Q: Did Wendolyn ejaculate inside of you during this rape incident that you described that occurred when you were 14?
A: No.

Q: Can you remember how many times you had sex with Wendolyn at the age of 14?
A: I'm going to say about thirty times.

Q: Did you ever have sex with Wendolyn past the age of 14?
A: Yes.

Q: How many times did you have sex with Wendolyn past the age of 14?
A: Until I was 19 years old.

Q: Did the suspect, Wendolyn ever use a weapon to force you to have sex with him?
A: No.

1/30/2017

discovery

T.M.

22

Q: Did you ever report the rape to the police before October 31, 2016?
A: No, I just reported it at the place on Madison (1750 Madison) when I told them I wanted to get a restraining order against Wendolyn.

Q: Did you ever tell anyone about the rape incidents?
A: Yes.

Q: Who did you tell?
A: A friend of mines in middle school, Alandria Norfleet. I told my mom, Emma McGee Lee. I also told my sister, Delisha Young.

Q: What was your mother's response to you telling her about Wendolyn raping you?
A: My mom said that it's ok and you are doing it for me. My mom said this will help keep the family together.

Q: Did Wendolyn ever use a condom with you at any time when he had sexual intercourse with you from the time you were 14 years of age until you were 19 years of age?
A: No.

Q: Did you ever become pregnant from having sex during the time when you were 14 to 19 years of age?
A: Yes.

Q: Who is the father of your child?
A: Wendolyn Lee.

Q: What is the sex and age of your child?
A: Female and she is four years old.

Q: Does Wendolyn know that he is the father of your child?
A: Yes.

Q: Have you ever had a paternity test conducted to determine that Wendolyn Lee is the biological father of your daughter?
A: No.

Q: How does Wendolyn know that he is the father of your child?
A: Because I haven't slept with any other guy and he knows that.

Q: Have you ever had sex with any other male besides Wendolyn Lee?
A: No. When I was in high school, I talked to girls and boys. Wendolyn would get mad at me when I would talk to him about boys.

Q: Do you or your family have any cases from the past or currently pending with the Department of Children Services?
A: No

1/30/2017

discovery
T.M.

23

Q: Are you living with the suspect, Wendolyn at this time?
A: No.

Q: Do you think if you were to see the suspect, Wendolyn Lee that you would be able to identify him?
A: Yes.

Q: Were you shown a six person photo spread?
A: Yes.

Q: Did you see the person in the photo spread that is responsible for raping you? If so, what position is he located?
A: Yes and # 6.

Q: Is there anything you would like to add to this statement that would aid us in this investigation?
A: No.

Q: Do you want to prosecute the suspect responsible for raping you?
A: Yes.

Q: Did you give this statement, freely and voluntarily, without any threat, promises, or coercion?
A: Yes.

Q: Can you read and write without the aid of eye glasses?
A: Yes.

Q: I will now ask you to read this statement. If you find this statement to be true and correct, initial the bottom of each page, except the last page. Sign, date, and place the time at the end of the last page. Do you understand?
A: Yes.

_____          11/02/16   5:50 pm
VICTIM SIGNATURE                   DATE      TIME

_____          11/02/16   5:50 pm
Investigator's Signature           Date      Time

_____          11/02/2016  5:50 pm
Witness                            Date      Time

1  Q   If I can point your attention to the question of what
2  happened when you were 14 right there. What was your answer
3  as far as what took place when you were assaulted when you
4  were 14?
5  A   I got sexually assaulted by my step father when we
6  lived in West Memphis, Arkansas.
7  Q   Okay. And at any other point in your statement do you
8  ever say according to your answers that this took place in
9  Memphis, Shelby County?
10
11     MS. WALLACE:  Objection, Your Honor. I would ask
12 for him to clarify. She has said it's on here in her
13 statement but she does not see a specific question. He's
14 asking her the same questions again. He can ask her do you
15 see it in your answers to the questions.
16     THE COURT:  All right. Here's what I've gotten
17 from this testimony. That what you're asking her to point out
18 is not in the statement.
19     MR. JONES:  Right, yes, Your Honor.
20     THE COURT:  It's just not in there and so she
21 can't point to it or indicate it because it's not in the
22 statement.
23     MR. JONES:  Yes.
24     THE COURT:  That address is in the officer's --
25     MR. JONES:  -- narrative.
       THE COURT:  In his start before he starts the

Agency: **Memphis Police Department**
Officer ID/Name: 0382 \ Bryant, Carolyn Y
Date:

RMS Case

Page 1 of

Narrative Title: **Sex Crimes Supplement**

Case Number: 1610017170ME

Case Supplement             Sex Crimes Bureau

- Offense Report: 1610017170ME

  Submitted by: Sgt. C.Bryant #0382

  Victim: Tatyana McGee/20 yoa

  Date/Time of Occurrence: 10/31/2016@1600hrs.

  Location of Occurrence: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓    NO LOCATION

  Complainant:

  Suspect(s): Wendolyn Lee/57 yoa

  In Custody: NO

  Weapon/Force used: NO                NO RAPE

  Was Weapon/Object recovered: N/A

  Suspect Vehicle(s): N/A

  M.O:

  Identification:

  Injuries to Victim: NONE

  Medical Treatment: NONE

  MSARC: NO

  Scene officers: N/A

  Scene Processed: N/A

  Latent Prints: N/A

  Recovered Evidence: N/A

  Witnesses: NO

  Area Canvas: N/A

  Weather/Lighting Conditions N/A

  Video/Surveillance Camera: N/A

Scene Description: N/A

1/30/2017

discovery

6

# IN THE CRIMINAL COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS
### DIVISION 8

| | | |
|---|---|---|
| STATE OF TENNESSEE | § | NO. 1703262 |
| V. | § | |
| WENDOLYN LEE | § | SET: MARCH 8, 2019 |

## STATE'S RESPONSE TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS

NOW COMES the State of Tennessee ("State") in the above styled cause hereby responds to the Defendant's Motion for Bill of Particulars as follows:

1. As to the exact date and time of offenses alleged in each count of the Indictment, it is not possible for the State to give exact dates and times of the offense alleged. The States anticipates that the victim, Tatyana McGee, will testify that the sexual abuse began in West Memphis, Arkansas and continued when the family moved to Memphis, Tennessee. Based on information from Ms. McGee, the State believes that the defendant, the victim, and her family moved to Memphis around January 2010 and lived in various residences in the city.

2. During an evidentiary hearing on the defendant's motion to dismiss, the victim testified in regards to the locations of the abuse and her age (or ages), school attended, and other details of those locations. Please see attached.

3. As to the exact geographical locations of the offenses alleged in the Indictment, the State provides the following addresses as a possible locations where the offenses occurred:

3235 Ashwood, Memphis Tennessee.
665 East Street, Memphis Tennessee
735 East Street, Memphis Tennessee
1205 Greenwood, Memphis Tennessee

Respectfully submitted,

_____
Abby V. Wallace
Assistant District Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Response was hand-delivered to Defendant, on March 8, 2019

_____
Abby V. Wallace
Assistant District Attorney General

Affidavit Case # 17-03262
Division 8

2.22.

I, Tatyana McGee, did artificially inseminate myself with sperm that was not intended for me, after testing positive for ovulation. I had someone to trick Wendolyn Lee out of his sperm and she gave it to me and using a needless syringe, I artificially inseminated myself. I have never been penetrated by a man my whole life. I been a lesbian since I was 12 and I never will be penetrated by a man. I'm into women. Amy Weirich forced me to say something different. I swear under penalty of perjury, that this is a true statement that I am making before this notary and witnesses.

*Tatyana McGee*

Notary

*Deborah K. Hack*

*Kelvin Jamy*

## ACKNOWLEDGMENT

State of Mississippi

County of Hinds

Personally appeared before me, the undersigned authority in and for said county and state, on the 22nd day of September, 2017, within my jurisdiction, the within named E Tatyana McGee and Delisha Young (witness), who acknowledged that he/she/they executed the above and foregoing Affidavit.

Deborah K. Hicks
Notary Public
Printed Name: Deborah K. Hicks

My Commission Expires:

11-11-2020

(seal)

*STATE OF MISSISSIPPI*
*NOTARY PUBLIC*
*ID # 28956*
*DEBORAH K. HICKS*
*Commission Expires*
*Nov. 11, 2020*
*HINDS COUNTY*

1   MS. WALLACE: Well, I do. But if the Court feels
2   that at this point that this is a jury question, then I don't
3   see any point in me --
4   THE COURT: Well that's what I'm saying. I'm not
5   saying right now. I mean, I don't think that once there's
6   been proof that -- presented that the State has venue, then I
7   think it becomes a jury question about it. If there were no
8   proof at all of venue and the State couldn't go forward, then
9   I could grant the motion. But, you know, since the proof has
10  been offered, I think it's a jury question of venue, rather
11  than a question of law at this time. Does the State have any
12  further questions of this witness?
13  MS. WALLACE: No, sir.
14  THE COURT: Do you wish to put on any additional
15  proof?
16  MS. WALLACE: No, sir.
17  THE COURT: Mr. Jones, do you have any proof?
18  MR. JONES: Your Honor, if I may.
19  THE COURT: Yes.
20  MR. JONES: If Your Honor would possibly explain
21  further Your Honor's position as far as the venue.
22  THE COURT: I mean, I just want to put it clear on
23  the record so people can challenge it if they want.
24  MR. JONES: No, I understand.
25  THE COURT: I love when people challenge myself.

*[Handwritten annotation at bottom: A jury can't decide venue only the law of the state see - 6 Amendment US Constitution]*

**Amendment 2 - Right to Bear Arms. Ratified 12/15/1791.**

A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

**Amendment 3 - Quartering of Soldiers. Ratified 12/15/1791.**

No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law.

**Amendment 4 - Search and Seizure. Ratified 12/15/1791.**

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

**Amendment 5 - Trial and Punishment, Compensation for Takings. Ratified 12/15/1791.**

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

**Amendment 6 - Right to Speedy Trial, Confrontation of Witnesses. Ratified 12/15/1791.**

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses

IN THE CHANCERY COURT OF MADISON COUNTY

Case: 45CH1:18-ad-00478 *SEALED*   Document #: 18   Filed: 02/19/2019   Page 4 of 12

Tatyana McGee

vs

Wendolyn Lee

FILED
MADISON COUNTY
OCT 01 2018
RONNY LOTT, CHANCERY CLERK
x Kim Silvers D.C.

Cause 2018-478

FROM Tatyana McGee
MOTION TO PUT ON FILE

MR Wendolyn Lee Never Raped Me IN Memphis Tennessee Nor assaulty Me any where Memphis District attorny abby Wallace and Criminal Court Judge wont Leave me alone Criminal Court Judge CHRisterpher Craft and the Memphis DA abby Wallace Trying To kill Me They are Forcing me to come to Memphis Court Room 8 and Lie and say MR Lee Raped Me IN Memphis when we was Not Living in Memphis During that time, I try to kill my child because they wont Leave me alone I dont want to Lie for abby Wallace and Chris Craft I am willing to take a polygraph Test I got pregnant through artificially insemination in atlanta Ga. some body please stop these white people from trying to make me lie.

Tatyana McGee



<-></->

