UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WENDOLYN LEE**                                         CIVIL ACTION

**VERSUS**                                                    NO. 20-1529

**JUDGE CHRIS CRAFT, ET AL.**                       SECTION: "E"(1)

## ORDER AND REASONS

Plaintiff, Wendolyn Lee, a Tennessee inmate, filed the instant *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Judge Chris Craft, District Attorney Amy Weirich, and attorney James Jones. The complaint concerns a judicial proceeding in Memphis, Tennessee.

Federal law provides:

A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In the instant case, no defendant is alleged to reside in the Eastern District of Louisiana, and a substantial part of the events or omissions giving rise to plaintiff's claims against the defendants did not occur within this district. However, all of the defendants appear to reside within the geographical boundaries of the United States District Court for the Western District of

Tennessee, Western Division, and a substantial part of the events or omissions giving rise to plaintiff's claims occurred in Shelby County within that judicial district. 28 U.S.C. § 123(c)(2).

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. <u>Balawajder v. Scott</u>, 160 F.3d 1066, 1067 (5th Cir. 1999). Because venue is not proper in the Eastern District of Louisiana but would be proper in the United States District Court for the Western District of Tennessee, Western Division, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Tennessee, Western Division, for further consideration.

Accordingly,

**IT IS ORDERED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Tennessee, Western Division.

**IT IS FURTHER ORDERED** that determination of pauper status is **DEFERRED** to the United States District Court for the Western District of Tennessee, Western Division.

New Orleans, Louisiana, this 15th day of June, 2020.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**