UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WENDOLYN LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-2424-JDT-cgc |
| ) | |
| CHRIS CRAFT, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER TO MODIFY THE DOCKET,
GRANTING MOTIONS TO AMEND (ECF Nos. 11, 14, 18, & 19),
DISMISSING CASE WITH PREJUDICE,
DENYING REMAINING PENDING MOTIONS AS MOOT (ECF Nos. 20, 24, & 33),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 21, 2020, Plaintiff Wendolyn Lee, booking number 18103194, who is incarcerated at Shelby County Criminal Justice Center (Jail) in Memphis, Tennessee, filed a *pro se* complaint under 42 U.S.C. § 1983 in the U.S. District Court for the Eastern District of Louisiana. (ECF No. 1.) After Lee filed a certification of his inmate trust account statement, U.S. Magistrate Judge Janis van Meerveld transferred the case to this district, where venue is proper. (ECF No. 6.) On June 17, 2020, this Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 10.) The Clerk shall modify the docket to add the following Defendants: the Memphis Police Department (MPD); MPD Officer

Carolyn Bryant; Lee Harris, the Shelby County Mayor; Jim Strickland, Mayor of the City of Memphis; and the Shelby County Board of Commissioners.[1]

I.  Background

As an initial matter, a summary of some of Lee's protracted filings in his other § 1983 cases provides context for the claims to be screened below.

On August 6, 2020, the Court ordered Lee to file an amended complaint in Case No. 19-2895-JDT-cgc setting out all of his claims in one pleading. (No. 19-2895, ECF No. 13.) In the amendment Lee filed in response, received on August 14, 2020, he asked the Court to "focus only on the case 20-2424." (No. 19-2895, ECF No. 14 at PageID 100.) Therefore, on September 8, 2020, the Court dismissed Case No. 19-2895 based on Lee's statement that he wanted to "focus" on No. 20-2424; the Court also directed the Clerk to docket the August 14th submission in No. 20-2424. (*See* No. 19-2895, ECF No. 15; No. 20-2424, ECF No. 17.)

Another submission from Lee, received on August 24, 2020, initially was docketed as an amended complaint in No. 20-2424-JDT-cgc. (No. 20-2424, ECF No. 15.) However, based on Lee's statement that he wanted the document "separate from case cv-20-2424," the Court directed the Clerk to remove that amendment from No. 20-2424 and open it as a new civil case. (*See* No. 20-2424, ECF No. 16 at PageID 51.) The amended complaint

---

[1] Lee refers to the Shelby County Board of Supervisors (ECF No. 11 at PageID 9), but the governing body of Shelby County is the Board of Commissioners. *See* www.shelbycountytn. gov/1208/Role-of-the-Commission.

2

was opened as Case No. 20-2663-JDT-cgc.² On November 3, 2020, the Court granted Lee's request to voluntarily dismiss No. 20-2663. (No. 20-2663, ECF No. 7.)

The claims in Lee's various cases and amendments are interrelated. In this case alone, he has filed no less than five amended complaints in his efforts to formulate the claims he wishes to pursue in this case. (No. 20-2424, ECF Nos. 11, 14, 17, 18 & 19.) His disorganized approach has tested the bounds of good faith. Among many other complications, his jumbled allegations are successively revised, repeated, or jettisoned altogether in later filings. Among his ever-evolving and ever-revolving claims are pontifications about the origins of COVID-19, the lifetime tenure of Article III judges, criminal justice reform, and racial inequities. (*See*, *e.g.*, ECF No. 11 at PageID 9-12; ECF No. 19 at PageID 69-71.) Needless to say, Lee has not "stated simply, concisely, and directly events that, they alleged, entitled them to damages from the [defendants]," as he is required to do to make out a plausible constitutional claim. *Johnson v. City of Shelby, Miss.,* 574 U.S. 10, 12 (2014) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). None of the amendments specifically indicate whether Lee wishes to modify or replace claims asserted in earlier pleadings.

---

² On the docket for No. 20-2424, the "filed" date for the amendment was incorrectly listed as August 14, 2020. The filing date was corrected to August 24th when the new case, No. 20-2663, was opened.

Nevertheless, to advance resolution of this litigation, the Court will: (1) GRANT Lee's motions to amend (ECF Nos. 11, 14, 18 & 19); and (2) liberally construe the amendments in his favor for the purposes of screening them *infra*.

II.  Legal Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

4

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a Lee] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Lee filed his complaints pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a Lee must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III. Discussion

As best this Court can reasonably discern, the amended complaints vaguely allege a variety of collusion, bad faith, conspiracy, malpractice, and fraud accusations against Defendants in connection with a state court criminal case against Lee. He seeks various

5

amounts in damages.  (*See* ECF No. 19 at PageID 71 ($80 million); ECF No. 20 at PageID 76 ($9 million).)

Lee argues the Tennessee state court and Tennessee state court Judge Chris Craft lack jurisdiction and proper venue over the case against him for an alleged statutory rape (Assault) in Arkansas.³  Lee also suggests Craft's conduct is biased.  (ECF No. 17 at PageID 53; ECF No. 11 at PageID 12; ECF No. 14 at PageID 33 & 35 (Judge Craft "is keeping [me] lock[ed] up to force a guilty plea to get a waiver of jurisdiction").)  For several reasons, however, Plaintiff fails to state a claim against Judge Craft on which relief may be granted.

First, to the extent he argues Judge Craft unconstitutionally failed to dismiss state criminal charges against him, Lee's argument is misplaced.  The criminal charges at issue were made against him pursuant to state law.  However, it is not within this Court's jurisdiction to exercise authority over state court criminal proceedings.  States have sovereignty within their boundaries as to crimes committed there.  *See* 18 U.S.C. § 1331; 18 U.S.C. § 3231; *Younger v. Harris*, 401 U.S. 37, 44 (1971) (requiring federal courts to abstain from interfering with pending state civil or criminal proceedings involving important state interests, absent extraordinary circumstances); *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017) ("*Younger* abstention derives from a desire to prevent

---

³ In a prior case before this Court, *Young, et al. v. Weirich, et al.*, No. 18-2157-JDT-cgc, the Court summarized the alleged facts involving the Assault charges against Plaintiff.  (*See* No. 18-2157, ECF No. 20 at PageID 101-03.)  In all of his cases, including this present matter, most of Plaintiff's contentions ultimately arise out of and refer back to the alleged Assault and the state criminal proceedings.

federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity . . . *Younger* permits abstention when there is an ongoing state criminal prosecution."); *Thurman v. McMinn Cnty. Jail*, No. 17-cv-114, 2017 WL 1593470, at *2 (E.D. Tenn. Apr. 28, 2017) ("To the extent Plaintiff asserts a claim arising out of any criminal charges currently pending against him, any such claim is barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which provides that federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution against them in state court where those ongoing proceedings implicate important state interests and the plaintiffs have an adequate opportunity to raise their challenges in that forum." (citing *Shea v. Littleton*, 414 U.S. 488, 499-504 (1974))). Here, Lee does not allege any lack of opportunity to raise in state court his challenges to the Assault charges against him. He also fails to show the absence of important state interests in prosecuting those charges.

Furthermore, all of Lee's claims against Defendant Craft are barred by judicial immunity—which is shorthand for the absolute immunity doctrine that protects judges from suit both in their official and individual capacities. *DePiero v. City of Macedonia*, 180 F.3d 770, 783-84 (6th Cir. 1999). Even though a State's sovereign immunity does not preclude individual capacity suits against state officials for damages under § 1983, the judicial function is still protected by the common-law doctrine of judicial immunity. *Dixon v. Clem,* 492 F.3d 665, 674 (6th Cir. 2007). Judicial immunity is expansive and provides "immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 (1991). In other words, judges, in the performance of their judicial

7

functions, are absolutely immune from civil liability. *See Mireles*, 502 U.S. at 9-10; *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty.*, 753 F.3d 639, 648-49 (6th Cir. 2014).

Judicial immunity is abrogated only when a judge is not acting in a judicial capacity, or when the judge acts in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). "Control of the docket is a function for which judges are entitled to absolute immunity." *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *see also Lucas v. Holland*, No. 16-2309-JDT-cgc, 2017 WL 1088300, at *5 (W.D. Tenn. March 22, 2017), *aff'd*, No. 17-5425, 2017 WL 4764472, (6th Cir. Sept. 26, 2017) (actions taken "during the course of criminal proceedings . . . clearly are within . . . the scope of the[] [judges'] judicial function").

Accordingly, if a judge pursued the challenged conduct in the course of his judicial duties, then he will clearly be entitled to judicial immunity. *Palazzolo v. Benson,* No. 95-1067, 1996 WL 156699, at *4 (6th Cir. April 3, 1996). A judge will not be deprived of immunity because the action he took may have been in error, was done maliciously, or was in excess of the judge's authority. *Mireles,* 502 U.S. at 11; *Pierson v. Ray,* 386 U.S. 547, 554 (1967). Rather, a judge will be subject to financial liability involving the performance of a judicial act only when the judge has acted in the clear absence of all jurisdiction.

8

*Stump*, 435 U.S. at 356-57; *Pulliam v. Allen,* 466 U.S. 522 (1984). A judge so acts only if the matter is clearly outside the subject matter jurisdiction of the court over which he presides. *King v. Love,* 766 F.2d 962, 965 (6th Cir. 1985).

Here, Lee's claims against Judge Craft are based entirely on actions the Judge supposedly took in his judicial capacity during Lee's criminal proceedings. There are no facts in the amended complaints from which to reasonably infer Judge Craft's conduct in those criminal proceedings lacked all jurisdiction. *See Mireles*, 502 U.S. at 11-12. The contentions in the amended complaints that the crime occurred in Arkansas, allegedly depriving the Tennessee state court of jurisdiction, are unsupported legal conclusions. Presiding over criminal proceedings is within the scope of Judge Craft's jurisdiction and is precisely the type of circumstance for which absolute judicial immunity applies.

For all of the foregoing reasons, Lee's amended complaints fail to state any claim against Judge Craft for which relief may be granted under § 1983.

Lee argues that Defendant Weirich, as prosecuting attorney in the Assault case, obstructed justice and states she should not be "entitled to special privileges that might preclude [her] conviction for conspiracy and to obstruct justice." (ECF No. 14 at PageID 34.)

To the extent Lee seeks to sue Weirich in her official capacity as District Attorney of Shelby County, a claim against her would be a suit against the State of Tennessee. The State, however, is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, the Eleventh Amendment bars suits for money damages from State officials sued in their official capacities. Prosecutors

9

are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions. Such conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 427-28, and 430−31, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976); *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). Therefore, Lee cannot sue Weirich for money damages under § 1983 arising from her prosecution of criminal proceedings against him. *See Malone v. Shelby Cnty.*, No. 18-cv-2201, 2019 WL 5095795, at *4 (W.D. Tenn. Apr. 24, 2019).

Lee's claims against Weirich fail to state a claim on which relief may be granted and will also be dismissed.

Lee further contends that James Jones, his court-appointed attorney, told him that he was "up against a system of racist white judges — a buddy system, not a system of law, that the rule of law [is] not exercised." (ECF No. 14 at PageID 34.) Jones, "who is black, told me he could not help me in my case[,] that he was appointed to protect the Court, that the case is bogus, and that Judge Chris Craft will never dismissed [sic] the case because the hate he have for Black activis[t,] [and] that Craft and Weirich [are] conspiring together." (*Id.*)

Lee may not sue his attorney under § 1983. Courts have uniformly held that private attorneys are not state actors who can be sued under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorney who is appointed by the court does not act under color of state law); *Deas v. Potts*, 547 F.2d 800

10

(4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under § 1983"). The same analysis applies if, as Lee suggests, Jones was appointed as his public defender. *See Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (quoting *Polk Cnty.*, 454 U.S. at 325 ("[P]ublic defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'")).

Lee's claims against Jones fail to state a claim on which relief may be granted.

Lee contends the MPD and Officer Carolyn Bryant committed "conspiracy and fraud and ma[de] bogus claims in the police report" regarding the Assault. (ECF No. 11 at PageID 8.)

As to the MPD, it is well established that police departments are not entities capable of being sued under § 1983. *See Duck v. Madison Cnty. Sheriff's Dep't*, No. 17-1043, 2018 WL 4381279, at *2 (W.D. Tenn. May 21, 2018). Any claims against the MPD would therefore be treated as claims against the City of Memphis, which may be held liable *only* if Lee's injuries were sustained pursuant to an unconstitutional custom or policy of the City itself. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate such municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees*

of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)). Lee does not allege he has been deprived of a right because of a policy or custom of the City of Memphis.

As to claims that Defendant Bryant made "bogus claims" against Lee concerning the Assault, claims of false arrest and false imprisonment under § 1983 overlap, with false arrest being a subset of false imprisonment. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A false arrest claim requires a plaintiff to show that the underlying arrest lacked probable cause. *See, e.g., Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009). Generally, probable cause exists when the police have "reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Where an arrest is made pursuant to a grand jury indictment, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 307 n.13 (6th Cir. 2005) (citing *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)). However, the Sixth Circuit has held that "even if independent evidence establishes probable cause against a suspect, it would still be unlawful for law-enforcement officers to fabricate evidence in order to strengthen the case against that suspect." *Webb v. United States*, 789 F.3d 647, 670 (6th Cir. 2015); *see, e.g., King v. Harwood*, 852 F.3d 568, 587-88 (6th Cir. 2017).

Generally alleging only a "bogus" police report, Lee fails to allege that Defendant Bryant acted "knowingly or recklessly" in making false statements that were material to the prosecution in the Assault case. *See King*, 852 F.3d at 587-88 (citing *Webb*, 789 F.3d at 660). Allegations giving rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim for relief. *Twombly*, 550 U.S. at 570. Lee also fails to allege that Bryant presented any testimony at all to the grand jury, let alone false testimony. Therefore, Lee's "bogus claims" allegation against Bryant fails to state a claim for relief under § 1983. He fails to allege that Bryant made false statements that were material to the prosecution. *See, King*, 852 F.3d at 587-88.

Lee's claims against the MPD and Bryant fail to state a claim on which relief may be granted and are subject to dismissal.

Lee names as Defendants Shelby County Mayor Lee Harris, Shelby County Sheriff Floyd Bonner, Memphis Mayor Jim Strickland, and the Shelby County Board of Commissioners for their failure to take corrective action when he "brought this to these politicians' attention." (ECF No. 11 at PageID 8-9; ECF No. 17 at PageID 52.)

Lee cannot sue these Defendants merely because of their respective positions in Shelby County and the City of Memphis. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556

13

U.S. at 676. Moreover, a supervisory official who is aware of the unconstitutional conduct of his subordinates but fails to act generally cannot be held liable in his individual capacity. *Grinter*, 532 F.3d at 575-76; *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). A failure to take corrective action in response to an inmate grievance or complaint generally does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."). Lee does not allege that Defendants Harris, Bonner, or Strickland, or any of the unidentified Board of Commissioners, through their own actions, violated his rights.

Nor does Lee state official capacity claims against these Defendants, which would be construed as claims against Shelby County or the City of Memphis. As stated *supra*, such claims require a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Lee again does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County or the City of Memphis.

Therefore, Lee's claims against Harris, Bonner, Strickland, and the Board of Commissioners must be dismissed for failure to state a claim on which relief may be granted.

IV. Opportunity to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In this case, however, the Court concludes Lee should not be given the opportunity to amend his complaint. He has already had numerous opportunities to present his § 1983 claims to this Court in multiple cases. Lee's further variations of essentially the same issues filed again and again unfairly burden Defendants and this Court.[4]

V. Conclusion

For the reasons explained above, all of Lee's claims fail to state a claim on which relief can be granted. This case is DISMISSED WITH PREJUJDICE in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED. Since the Court is dismissing this case, Lee's motion for Defendants "to respon[d] to this suit" and for the Court to issue process (ECF No. 20); the motion requesting issuance of summons (ECF No. 24); and his motion for summary judgment (ECF No. 33) all are DENIED as moot.

The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C.

---

[4] Only recently, yet another of Lee's cases raising essentially the same issues was transferred to this Court from the U.S. District Court for the Eastern District of Louisiana. *See Lee v. Craft, et al.*, No. 21-2136-JDT-cgc (W.D. Tenn. transferred Mar. 5, 2021).

15

§ 1915(a)(3), it is CERTIFIED that any appeal in this matter by Lee would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Lee, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[5] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE

---

[5] *See Young, et al. v. Weirich, et al.*, No. 18-2157-JDT-cgc, 2018 WL 6173897 (W.D. Tenn. Nov. 26, 2018) (dismissed for failure to state a claim), *aff'd*, No. 19-5012, 2019 WL 2897530 (6th Cir. May 16, 2019), *cert. denied*, 140 S. Ct. 265 (2019).