UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WENDOLYN LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-2424-JDT-cgc |
| | ) | |
| CHRIS CRAFT, ETAL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION TO RECONSIDER

Wendolyn Lee, a prisoner acting *pro se*, filed a civil complaint, several amended complaints, and numerous letters reiterating his claims. On March 10, 2021, the Court dismissed the entire case for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and entered judgment. (ECF Nos. 34 & 35.) On March 25, 2021, Lee filed a motion to reconsider that dismissal. (ECF No. 36.) He also filed a letter on April 7, 2021, asserting his intent to "keep fighting" for his rights. (ECF No. 37.) The Court construes the motion to reconsider as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and/or a motion for relief from the order of dismissal and judgment under Federal Rule of Civil Procedure 60(b).

The purpose of Rule 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). The Rule "allows for reconsideration; it does not permit parties to effectively re-argue a case." *Howard v.*

*United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citation and internal quotation marks omitted). A court may alter or amend its judgment under Rule 59(e) because of an intervening change in the controlling law, newly discovered evidence, or to correct a clear error of law or prevent a manifest injustice. *See Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 470, 406 (6th Cir. 2006).

Pursuant to Rule 60(b), the Court is authorized to grant relief "from a final judgment, order, or proceeding" for any of five specified reasons, one of which is "mistake," or for "any other reason that justifies relief." The Rule "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). It is not intended to allow relief from judgment merely because a litigant is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

In Lee's motion to reconsider he merely repeats the allegations he has made in several cases: namely, that his arrest in Louisiana constituted a kidnapping because he committed no crime in Tennessee; therefore, the Shelby County Criminal Court does not have any jurisdiction over him and the criminal proceedings brought against him are the

result of fraud and conspiracy by the Defendants. There is nothing in the motion that persuades the Court the order of dismissal and judgment in this case should be set aside. The motion to reconsider therefore is DENIED.

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE